UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAURENCE M. STARR, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 18-cv-10231-DJC |
| HSBC BANK, USA, N.A. and OCWEN LOAN SERVICING, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                           **August 8, 2018**

### I. Introduction

Plaintiff Laurence M. Starr ("Starr") brings claims against HSBC Bank, U.S.A., N.A. ("HSBC") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "the Defendants") related to a home mortgage loan. D. 1. His complaint includes claims for an injunction barring the Defendants from proceeding with foreclosure (Count I), fraud (Count II), misrepresentation (Count III), accounting (Count IV), violation of the Real Estate Settlement Procedures Act ("RESPA") (Count V), a "statute of limitations" claim (Count VI) and fraud in the inducement (Count VII). D. 1-2. The Defendants move to dismiss. D. 11. For the foregoing reasons, the Defendants' motion, D. 11, is ALLOWED.

### II. Standard of Review

In evaluating a motion to dismiss, "non-conclusory factual allegations in the complaint must [] be treated as true." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

1

The Court is required to "view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Id. at 17. Where "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. Rule 9(b); see N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009).

### III. Factual Background

The following facts are taken from the complaint, D. 1-2, and documents fairly incorporated into it, D. 12-1; D. 12-2; D. 12-3; D. 12-4, and are presumed true for the purposes of deciding the motion to dismiss. Starr executed a note in the amount of $280,000 in favor of Fidelity Mortgage in 2007 (the "Note"). D. 1-2 ¶ 4; D. 12-1. The Note, as submitted by both Starr and the Defendants, is attached to two undated allonges, the first endorsing the note from Fidelity Mortgage to Delta Funding Corporation and the second endorsing the note from Delta Funding Corporation to HSBC Bank USA, N.A., as trustee for the registered noteholders of Renaissance Home Equity Loan Trust 2007-2. D. 1-2 at 9-10; D. 12-1 at 6-7. On the same date Starr executed the Note, he also executed a mortgage on a property in West Roxbury (the "Property") in favor of Mortgage Electronic Registration System, Inc. ("MERS") as nominee for Fidelity (the "Mortgage"). D. 12-2. In November 2013, MERS executed an assignment of the Mortgage to HSBC. D. 12-3.

In 2012, Starr applied for a modification of his loan with Ocwen, the servicer of the loan, but did not receive a modification. D. 1-2 ¶¶ 5-6. In 2016, Ocwen offered Starr a trial modification of the loan but Starr was unable to accept the modification at that time. D. 1-2 ¶ 8. In July or

August of 2017, Starr requested, but was refused, a new trial modification of the loan. D. 1-2 ¶ 9. In October 2017, Starr requested a new application for a loan modification and Ocwen provided the application to Starr after some time, such that Starr did not have sufficient time to submit the completed application by the deadline set by Ocwen. D. 1-2 ¶ 10.

On December 14, 2016, Starr sent a written request under RESPA disputing the amount and validity of the debt, but alleges that the written response "was not properly answered." D. 1-2 ¶¶ 30-31.

### IV. Procedural History

On November 28, 2017, Starr filed his complaint in Suffolk Superior Court. D. 1 at 1. On February 6, 2018, the Defendants removed the action to this Court. D. 1. Defendants have now moved to dismiss the complaint. D. 11. On June 22, 2018, the Court heard argument on the motion and took the matter under advisement. D. 20.

### V. Discussion

#### A. Counts I, II, III, VI: Injunction to Prevent Foreclosure and Claims for Fraud, Misrepresentation and "Statute of Limitations"

Starr contends that he is entitled to an injunction enjoining HSBC from foreclosing on the Property because both the Note and Mortgage were transferred without notice to him and because HSBC does not have standing to bring the foreclosure action. D. 1-2 at 4. HSBC responds that it is entitled to foreclose because it possesses, by proper assignment, both the Note and the Mortgage. D. 12 at 6. Massachusetts law "authorize[s] a 'mortgagee' to foreclose by sale pursuant to a power of sale in the mortgage," and a mortgagee is "the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder." Eaton v. Fed. Nat. Mortg. Ass'n, 462 Mass. 569, 571 (2012). HSBC possesses both the Note and the Mortgage, as shown by the assignment of the Mortgage from MERS to HSBC, D. 12-3, and the endorsement of

3

the Note to HSBC, D. 1-2 at 10; D. 12-1 at 6-7.  Starr contends that HSBC was required to provide him with notice of any transfer or assignment of the Note or Mortgage and failed to do so.  D. 16 at 2.  However, Starr does not cite any authority in Massachusetts law that a mortgagee is entitled to notice of an assignment of the note or mortgage.  The case he does cite, Bay State Harness Horse Racing & Breeding Ass'n, Inc. v. PPG Indus., Inc., 365 F. Supp. 1299, 1301 (D. Mass. 1973), concerns the notice requirements associated with a prejudgment attachment of real estate, D. 16 at 2, and does not aid his position.

Similarly, the gravamen of Starr's fraud and misrepresentation claims is that HSBC is not the proper party to foreclose.  D. 1-2 ¶¶ 19-25.  "Under Massachusetts law, fraud requires that the defendant made a knowingly false statement concerning a material matter that was intended to, and did in fact, induce the plaintiff's reliance and, through that reliance, created an injury."  Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 357 (1st Cir. 2013).  "A claim of fraud must also satisfy the particularity requirements set forth in Fed. R. Civ. P. 9(b), mandating 'specifics about the time, place, and content of the alleged false representations.'"  Id. (quoting Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 279–80 (1st Cir. 2013)).  Starr contends that the assignment of the Mortgage and the endorsement of the Note are fraudulent because they are undated and, therefore, not valid.  D. 1-2 ¶ 20.  Starr does not, however, identify with specificity any false statements made by the Defendants that induced reliance by him creating an injury.  Moreover, the assignment of the Mortgage is dated, D. 12-3 at 2, and while the allonges to the Note endorsing the Note to Delta Funding Corporation and then to HSBC are undated, D. 1-2 at 10; D. 12-1 at 6-7, Starr cites no authority in Massachusetts law that an endorsement of a note in an allonge affixed to a note must be dated.

Starr also contends that Defendants may not foreclose on the Mortgage because the statute of limitations for recovering on a breach of contract is six years and Defendants' cause of action to foreclosure began accruing at the time of the first missed payment, which was more than six years ago. D. 1-2 ¶ 35. A mortgage, however, does not become unenforceable merely because the statute of limitations has run on the underlying note. See Junior v. Wells Fargo Bank, N.A., No. 17-CV-10460-RGS, 2017 WL 1199768, at *2 (D. Mass. Mar. 30, 2017) (explaining that "[w]hile the [s]tatute of [l]imitations may bar the collection of a note more than six years overdue . . . the mortgagee . . . may still foreclose the mortgage").

Finally, Starr alleges that the Mortgage is voidable because Fidelity Mortgage inflated his income figures on his original loan application in 2007, which constituted fraud in the inducement of the Mortgage. D. 1-2 ¶ 39. Starr alleges that "Fidelity was advised more than once" about the inflation of the income figures and "was assured that it would be corrected." D. 1-2 ¶ 39. Fraud in the inducement occurs where "a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying" and renders a contract voidable. Hogan v. E. Enterprises/Boston Gas, 165 F. Supp. 2d 55, 63 (D. Mass. 2001) (internal citation omitted). To the extent that Starr alleges that Fidelity Mortgage made a false statement about Starr's income during the negotiations, Starr cannot contend that he relied upon that false statement because he, even as alleged in the complaint, apparently advised Fidelity of its incorrect understanding regarding his income, such that both parties were aware of the true status of Starr's income. Thus, Starr cannot make out a claim for fraud in the inducement. The Court thus ALLOWS the motion to dismiss, D. 11, with respect to Counts I, II, III, and VII.

### B. Count IV: Accounting

Starr "disputes the amount claimed by Defendants" and "intends to retain a forensic account to review all financial records, including but not limited to Ocwen's yearly escrow accounting." D. 1-2 ¶ 27. Starr additionally seeks information regarding the late charges and costs being added to his balance and any payments made by Defendants on his taxes and insurance. D. 1-2 ¶¶ 28-29. Under Massachusetts law, " [i]f the obligation underlying the mortgage has been paid or otherwise discharged," and "a mortgagee begins the process of foreclosure, a suit in the Superior Court will lie to enjoin the foreclosure and to obtain an accounting." Beaton v. Land Court, 367 Mass. 385, 392–93 (1975). Starr, however, does not allege that the Note was paid or otherwise discharged.

Subsequent to a non-judicial foreclosure sale, the foreclosing mortgagee "'shall be entitled to retain' the sums secured by the mortgage and 'render the surplus, if any, to the mortgagor.'" HMC Assets, LLC v. Conley, No. CV 14-10321-MBB, 2017 WL 1197704, at *3 (D. Mass. Mar. 30, 2017) (quoting Mass. Gen. L. c. 183 § 27). "[W]ithin 60 days after the receipt of" sale proceeds, the mortgagee "shall provide to the mortgagor . . . a written notice containing an itemized accounting of the disposition of the proceeds arising from a sale under the power of sale including, but not limited to, the sale price, legal fees, auctioneer fees, publication costs and other fees, and any surplus due to the mortgagor." Mass. Gen. L. c. 183 § 27. Starr will thus be entitled to an accounting after the foreclosure sale is complete. Id. The Court, therefore, ALLOWS without prejudice the motion to dismiss with respect to Count IV.

### C. Count V: RESPA Claim

Starr alleges that he sent a qualified written request on December 14, 2016, disputing the amount and validity of outstanding debt owed and that the letter was never answered. D. 1-2 ¶ 31.

Starr also alleges that one question was referred to Renaissance Home Equity Loan Trust, whose connection to his loan is not apparent. D. 1-2 ¶ 32. To state a claim for relief based upon a loan servicer's failure to properly respond to a qualified written request, a plaintiff must allege "(1) that the servicer failed to comply with the statute's [qualified written request] rules; and (2) that the plaintiff incurred 'actual damages' as a consequence of the servicer's failure," Okoye v. Bank of New York Mellon, No. CIV.A. 10-11563-DPW, 2011 WL 3269686, at *17 (D. Mass. July 28, 2011) (citation omitted), or that the servicer engaged in "a pattern or practice of noncompliance with the requirements" of RESPA, 12 U.S.C. § 2605(f)(1)(B). Starr has alleged neither actual damages as a result of the Defendants' failure to respond properly to his qualified written request nor a pattern or practice of noncompliance. Thus, the Defendants' motion to dismiss Count V is ALLOWED.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS the motion to dismiss, D. 11, with respect to all counts. With respect to Count IV (Accounting), the dismissal is without prejudice.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge